# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, COOPER, and SCHLACK
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**First Lieutenant JUSTIN R. ROBINSON**
**United States Army, Appellant**

ARMY 20230640

Headquarters, U.S. Army Aviation Center of Excellence
Pamela L. Jones and Sasha N. Rutizer, Military Judges
Major Kyle V. Burgamy, Acting Staff Judge Advocate

For Appellant: Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Robert W. Rodriguez, JA; Captain Robert W. Duffie, JA (on brief); Lieutenant Colonel Autumn R. Porter, JA; Major Robert W. Rodriguez, JA; Captain Robert W. Duffie, JA (on reply brief).

For Appellee: Colonel Richard E. Gorini, JA; Major Lisa Limb, JA; Captain Vy T. Nguyen, JA (on brief).

12 November 2025

------------------------------------
MEMORANDUM OPINION
------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SCHLACK, Judge:

A military judge, sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of possession of child pornography in violation of Article 134, Uniform Code of Military Justice, 10 USC 934 (2019). The military judge sentenced appellant to a dismissal and sixteen months of confinement.

On appeal, appellant raised three assignments of error; one warrants discussion but no relief.[1] Specifically, appellant argues the military judge erred by admitting evidence of appellant's communications with minors in violation of

---

[1] We have given full and fair consideration to the matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and determine they merit neither discussion nor relief.

Military Rule of Evidence [Mil. R. Evid.] 404(b). For the reasons set forth below, appellant waived this issue for appellate review.

## BACKGROUND

Yahoo! alerted the National Center for Missing and Exploited Children about an email containing child pornography (hereinafter CSAM email) sent from appellant's email account. Eventually the related IP address was subpoenaed. The subpoena results led to the Dale County Sheriff's Office discovering the CSAM email was sent from appellant's residence on Fort Rucker, Alabama. As a result, the Fort Rucker Criminal Investigation Division (CID) detachment executed a search authorization of appellant's home wherein multiple digital devices belonging to appellant and his wife were seized. The search results of appellant's personal laptop revealed child pornography in a folder labeled "Extremism Stand-Down Day."

The day the CSAM email was sent, appellant conducted flight training for some portion of the day, away from Fort Rucker, requiring him to travel via bus back to post afterwards. Appellant's wife, the only other person living in the home, was away at work when the email was sent. The issue at trial was whether appellant knowingly possessed the child pornography at issue.

In opening, the government told the military judge that she would hear from appellant's wife.[2] Specifically, the government averred wife would testify appellant posed as a minor online and engaged in sexually explicit chats with girls purporting to be minors. Before moving into the merits, the military judge asked the parties whether a marital privilege issue existed. Both parties agreed, it did not. The government added the following:

> For the record, the government did provide [Mil. R. Evid].
> 404(b) notice of this other conduct of the accused, of what
> [wife] saw in terms of the accused's conduct in messaging
> individuals online.

Defense made no Mil. R. Evid. 404(b) objection at that time and reserved opening statement.

The government proceeded, calling witnesses necessary to link appellant to the child pornography and to admit it into evidence. Appellant's wife testified the laptop was appellant's personal property, she did not have routine access to it, she was unaware of what "extremism stand-down" meant, and she was at work when the

---

[2] We use the term "wife" to refer to appellant's wife at the time of the investigation, even though they divorced after the CID search of their home.

relevant CSAM email was sent. She also described seeing a chat conversation in appellant's Discord application on his laptop.

The defense objected to wife's testimony concerning the Discord chat on a hearsay basis. The government responded to the objection, identifying non-hearsay purposes for the admission of the statements in the chat. For the appellant's purported statements, the government offered statement of party opponent and for the statements of the responder, "effect on the listener." The following exchange between the military judge and defense counsel followed:

> MJ: Okay; and [Defense] response?
>
> DC: So in that respect, if we're looking at the effect on the listener, there's no relevance. This is uncharged conduct.
>
> MJ: It is uncharged conduct.
> ...
> MJ: [Government], [d]id you give 404 notice of this?
>
> STC: Yes, Your Honor. . . .
>
> MJ: Okay; did you get this 404?
>
> DC: We did, Your Honor. We would object now, indicating that the individual didn't know it was a minor, [wife] has no personal knowledge.
> ...
>
> MJ: Okay. First off, I need to hear what was said before I can do anything else.

At this point, the government proffered through wife that appellant gave her access to his laptop about a month *before* the CSAM email triggered the relevant investigation. While using the laptop, wife saw hidden messages in appellant's Discord application. When she opened these messages, she found sexually suggestive chats from appellant. In these chats, appellant claimed to be 17 years old and the respondents claimed to be 13 and 14 year old girls.

After the proffer, the military judge continued:

> MJ: Having heard what I just heard, what objection, if any, do you have?

> DC: We'd argue, Your Honor, that is the perception of the [wife's] mind, that whether or not these individuals were minors. There's no way to verify that.
>
> MJ: Sure, so let's deal with your hearsay statement. The things he typed to them, we agree, is [a] statement by a party opponent?
>
> DC: Yes, Your Honor.
>
> MJ: Okay, so whatever they reply back, something having to do with their age, what do you want me to know about that? That it could have been some old 52-year old dude?
>
> DC: That's what we would suggest.
>
> MJ: [Y]ou get to cross-examine on that. . . . Do you have something else?
>
> DC: *No, Your Honor.* (emphasis added).
>
> ...
>
> MJ: Very well, that statement is admitted for the value that it deserves.

Once again, defense counsel did not make a Mil. R. Evid. 404(b) objection. Rather, defense continued to pursue a theory that appellant did not *knowingly* possess child pornography—that his wife must have put it there, unbeknownst to him.

The motive for the wife to do so, defense counsel argued, was that she was upset after discovering the Discord chats.[3] In further support of this theory, defense called appellant's co-pilot to testify about the training timeline the day of the CSAM email. The testimony suggested appellant got home *after* the CSAM email was sent, making it more conceivable appellant's wife was behind the computer, sending the email that sparked the entire investigation.

---

[3] Defense counsel reasonably argued this angle in his closing. This court does not "second guess strategic or tactical decisions made at trial by defense counsel." *See United States v. Morgan*, 37 M.J. 407, 410 (C.M.A. 1993)(citations omitted). Given that defense counsel demonstrated a strategic interest in the admission of the Discord evidence, we do not find counsel ineffective for failing to raise a 404(b) objection.

In rebuttal, however, the government offered the actual flight training records, showing training concluded much earlier in the day than appellant's co-pilot remembered. Thus, appellant had ample time to travel home from training and access his laptop *before* the CSAM email was sent. The government also offered wife's testimony that she was still at work at the time the CSAM email was sent.

At the end of the trial, both parties referenced the Discord chat testimony in their closing argument. Government counsel began by naming all of appellant's positive, widely known, characteristics: West Point graduate, Army Officer, and aviator. Then the government counsel added: "[W]hat do we also know about [appellant]? We know . . . that he manipulated children online. And finally, we know he possessed child pornography." Defense counsel did not object to the government's statement concerning the uncharged conduct at this time either.[4] Instead, defense's closing referenced the Discord chats, advancing their theory of the case that the wife put the child pornography on appellant's laptop and appellant did not knowingly possess it.

## LAW AND ANALYSIS

Military Rule of Evidence 404(b)(2) permits the admission of "other crimes, wrongs, or acts," when "proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."

In courts-martial, motions are "application[s] to the military judge for *particular* relief." R.C.M. 905(a)(emphasis added). "A motion shall state the grounds upon which it is made and shall set forth the ruling or relief sought. The substance of a motion, not its form or designation, shall control." R.C.M. 905(a). The Rules for Courts-Martial require defense motions to suppress to be raised "before a plea is entered." 905(b)(3). However, motions to suppress 404(b) evidence may be raised pretrial or during trial. R.C.M. 905(b)(3) Discussion.

---

[4] We pause to note appellant's failure to object did not give the government license to improperly argue the Mil. R. Evid. 404(b) evidence. Counsel are well aware that Mil. R. Evid. 404(b)(1) prohibits the use of "other crimes, wrongs, or acts," when offered "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The government's presentation of the Discord chat testimony cut close to the heart of exactly what Mil R. Evid. 404(b) prohibits and argued an impermissible 404(b) use of the evidence to the factfinder. We review concerns of improper argument de novo, but "if there is no objection at trial, the appellant has the burden of establishing the prejudice." *See United States v. Schroder*, 65 M.J. 49, 58 (C.A.A.F. 2007). Even assuming error here, we find no prejudice.

Any objection pursuant to Mil. R. Evid. 404(b) for uncharged conduct during trial "must be raised before the court-martial is adjourned for that case." R.C.M. 905(e)(2). "Failure to raise such. . . objection[] shall constitute forfeiture, absent an affirmative waiver." R.C.M. 905(e)(2). We review "[w]hether an accused waived an issue . . . *de novo*." *United States v. Ahern*, 76 M.J. 194, 197 (C.A.A.F. 2017)(citation omitted).

Waiver "is a deliberate decision not to present a ground for relief that might be available in the law." *United States v. Campos*, 67 M.J. 330, 332 (C.A.A.F. 2009)(citations omitted). We may not review waived issues "because a valid waiver leaves no error for us to correct on appeal." *United States v. Davis*, 79 M.J. 329, 331 (C.A.A.F. 2020)(quoting *id.*). In determining whether defense counsel waived this issue, "we consider whether the failure to raise the objection at the trial level constituted an intentional relinquishment of a known right." *Campos*, 67 M.J. at 332 (citations omitted).[5]

Here, the record indicates defense affirmatively waived any Mil. R. Evid. 404(b) objection and did so to advance their defense theory. First, government counsel provided pretrial notice of their intent to introduce evidence of appellant's online chats with respondents purporting to be minors; defense did not file a pre-trial motion to exclude it. Second, during the testimony of appellant's wife, the military judge agreed the chats were uncharged conduct and asked defense whether there was a ground besides hearsay upon which they wished to object; defense counsel affirmatively declined. Finally, when government counsel argued the Discord evidence in closing, improperly or otherwise, defense counsel did not object.

Even if there was no waiver, we find no prejudice to the appellant under these facts. We acknowledge the Discord chat evidence could have been potentially prejudicial to appellant if improperly used by the factfinder. However, appellant's trial strategy required the same evidence to demonstrate wife's access to appellant's laptop, her ability to place child pornography on it, and her possible motive. This allowed defense to ultimately argue appellant did not knowingly possess the child pornography. Further, any concern regarding its admission and any improper use by a factfinder is negated in a military judge alone case. "Military judges are presumed to know and follow the law absent clear evidence to the contrary." *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)(citation omitted). As factfinders, military judges have an easier time identifying and disregarding evidence inappropriate for

---

[5] The responsibility to raise objections falls upon counsel, not the military judge. The CAAF has held that even in cases of unlawful command influence, "the mortal enemy of military justice," it is not the job of the military judge "to intuit possible objections for the defense and then raise them sua sponte." *United States v. Douglas*, 68 M.J. 349, 355 (C.A.A.F. 2010)(citations omitted).

consideration. *United States v. Erickson*, 65 M.J. 221, 224 (C.A.A.F. 2007)("[W]e . . . presume that the military judge is able to distinguish between proper and improper sentencing arguments."). Therefore, even if we were to find appellant did not waive his objection to this Mil. R. Evid. 404(b) evidence, this evidence was not prejudicial to appellant as it advanced his theory of the case.

Finally, the government presented substantial evidence, separate and apart from the Discord chat evidence, to support appellant's conviction beyond a reasonable doubt. We are confident the military judge convicted appellant "on the basis of [that] evidence alone." *United States v. Fletcher*, 62 M.J. 175, 184 (C.A.A.F. 2005).

## CONCLUSION

On consideration of the entire record, the finding of guilty and the sentence are AFFIRMED.

Senior Judge FLEMING and Judge COOPER concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court